UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

**Civil Action No. 3:20-cv-118-BJB-CHL**

STEVEN J. DORN                                                                                              PLAINTIFF

v.

NEIL S. DOMINIQUE                                                                                   DEFENDANT

*****************

**UNOPPOSED MOTION TO EXTEND CURRENT CASE DEADLINES**

Plaintiff, Steven Dorn ("Plaintiff"), by counsel, pursuant to the Court's Scheduling Order (DN 38), and for good cause shown, hereby moves for an extension of the existing case deadlines, as further set forth herein. In support of this Motion Plaintiff states as follows:

1. In its June 4, 2025, Order on Plaintiff's Motion for Sanctions and to Compel (DN 81) ("the Order"), the Court directed Defendant to produce additional financial information to Plaintiff pertinent to Plaintiff's damages claim and associated expert witness opinions. The Court set forth a deadline of June 20, 2025, for Defendant to produce documents as set forth in the Order and a deadline of July 14, 2025, for Plaintiff to submit his expert witness disclosures. *Id*.

2. Defendant filed an unopposed motion to extend those deadlines to June 27, 2025, and July 21, 2025, respectively, and the Court granted that motion. *See* DN 90.

3. Prior to the June 27, 2025, production deadline, Defendant produced responsive documents. However, counsel for Plaintiff believed the production to be incomplete and discussed with counsel for Defendant the possibility of Defendant producing additional documents in order to fully comply with the Order.

4.  While counsel for Defendant indicated that they believed Defendant was in full compliance with the Order, counsel confirmed that Defendant would make efforts to obtain additional documents from at least one third party. Eventually, counsel confirmed that additional documents would be produced. However, since Defendant was relying upon the voluntary cooperation of a third-party who had agreed to supply the requested documents, no timeframe was set for the production of those documents.

5.  Prior to June 27, 2025, the parties agreed to a further extension of the production and expert disclosure deadlines so that Plaintiff's damages expert could review and evaluate the yet-to-be produced documents in connection with his damages opinions. However, an additional motion to extend the deadlines was not formally filed with the Court because of the uncertain, third-party production date.

6.  On August 22, 2025, counsel for Defendant produced additional documentation counsel received from the third-party in question. On August 27, 2025, and September 3, 2025, respectively, counsel for Defendant separately confirmed after inquiry from the undersigned that the production was complete and no additional documents would be produced.

7.  On September 8, 2025, counsel for Plaintiff confirmed that Plaintiff did not intend to raise any further issues with respect to the production and/or Defendant's compliance with the Order.

8.  Plaintiff's damages expert has now received, reviewed and evaluated all of the additional production received from Defendant and is in the process of preparing and otherwise finalizing his expert report on the issue of damages.

9.  Given Defendant's recent production of the responsive documents, the third party's delay in producing the documents, and Plaintiff's expert's need to review the material in

connection with rendering the damages opinions he intends to offer in this case, the Parties have met and conferred and otherwise agreed to the following amendment to the case schedule (DN 38), as previously amended through the Order (DN 81) and the subsequent Order dated June 26, 2025 (DN 90), as follows:

| Action | Original Deadline | Proposed Amended Deadline |
|---|---|---|
| **Plaintiff's Disclosure of Experts** | July 21, 2025 | September 19, 2025 |
| **Defendant's Disclosure of Experts** | August 13, 2025 | October 20, 2025 |
| **Close of Expert Discovery** | September 26, 2025 | December 1, 2025 |
| **Dispositive/Daubert Motions** | October 27, 2025 | January 9, 2026 |

10.     Neither Defendant nor the Court will be prejudiced by the amended schedule. A trial date has not been set and the parties have otherwise agreed that no additional fact discovery is necessary. A dispositive motion submitted by Defendant is already pending. Defendant has otherwise confirmed through counsel that the proposed schedule is agreeable should it be entered by the Court.

Wherefore, Plaintiff requests that the Court grant this Motion and extend the remaining case deadlines as set forth herein. A proposed order is tendered herewith.

<table>
<tr><td>Dated: September 19, 2025</td><td>Respectfully submitted,

*s/Brian McGraw*

_____
Brian P. McGraw
Matthew P. Dearmond
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, KY 40207
(502) 677-4729
bmcgraw@grayice.com
mdearmond@grayice.com

***Counsel for Plaintiff Steven J. Dorn***</td></tr>
</table>

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via the Court's ECF system, which will send notice to the following counsel of record for Defendant:

Grahmn N. Morgan
Kristeena L. Johnson
James M. McClure
DINSMORE & SHOHL LLP
Grahmn.morgan@dinsmore.com
Kristeena.johnson@dinsmore.com
Mac.mcclure@dinsmore.com

***Counsel for Defendant***

                                                      */s/Brian McGraw*
                                                    ***Counsel for Plaintiff***