UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00118-BJB-CHL

**STEVEN J. DORN,** **Plaintiff,**

v.

**NEIL S. DOMINIQUE,** **Defendant.**

## ORDER

The undersigned held a telephonic status conference in this matter on November 4, 2025. Participating were the following:

FOR PLAINTIFF:        Brian P. McGraw

FOR DEFENDANT:   Grahmn N. Morgan; James McFarlane McClure; Kristeena L. Johnson


The undersigned conducted this status conference to discuss the parties' Joint Motion to Modify the Case Schedule (DN 103) and to inquire as to when the parties would be ready for trial, and how long the parties would need for trial.

Counsel for Plaintiff advised the Court that he had served his expert report on damages, the only expert report that Plaintiff intended on presenting in this case. Regarding the parties' pending Joint Motion (DN 103), counsel for Plaintiff advised the Court that the parties had already completed discovery in this case, and that Plaintiff did not intend to file any dispositive motions. As such, counsel for Plaintiff stated that the Joint Motion was no longer necessary.

The Court notes that the motion to extend Plaintiff's deadline to serve expert disclosures filed on July 21, 2025 (DN 95), which the Court granted, likely contained a typographical error.

The motion asked the Court for "a brief extension of the *June* 21, 2025, expert disclosure deadline for Plaintiff to *June* 25, 2025." (*Id.*) (emphasis added). Given that the then deadline for Plaintiff to disclose his expert witness was *July* 21, 2025, the Court concludes that Plaintiff intended to request a deadline of *July* 25, 2025, to serve his expert disclosures. Nevertheless, the Court had given Plaintiff a deadline of June 25, 2025. (DN 96.)

However, the parties' Joint Motion to Modify (DN 103) contains a proposed deadline for Plaintiff to serve his expert disclosures on September 19, 2025. Although the Court cannot tell from the record when Plaintiff served his expert disclosures, the Court infers that Plaintiff did so after the deadline. Nevertheless, in light of the typographical error in the previous motion to modify, the pending Joint Motion to Modify, and Defendant's counsel's assertion that he took no issue with the timing of Plaintiff's expert disclosure, the Court will deem Plaintiff's expert disclosure timely served.

Counsel for Defendant noted that due to the schedule in this case, Defendant deposed Plaintiff's expert while reserving additional time to finish deposing Plaintiff's expert at a later date. Counsel for Plaintiff did not object to Defendant's request to finish deposing Plaintiff's expert.

Regarding a trial date, counsel for Plaintiff advised the Court that Plaintiff would be ready for trial whenever the Court would be ready. Additionally, counsel for Plaintiff stated that there would be few live witnesses, and as such, anticipated needing three to five days for trial. Counsel for Defendant believed that any pending dispositive motions would need to be resolved before the Court set this matter for trial. Counsel for Defendant also believed that the parties would need a week to conduct their trial.

Accordingly,

IT IS HEREBY ORDERED that:

(1)    Plaintiff's expert disclosure is deemed **TIMELY SERVED**.

(2)    No later than **November 21, 2025**, Defendant may complete the deposition of Plaintiff's expert witness.

(3)    The Joint Motion to Modify the Case Schedule (DN 103) is **DENIED AS MOOT**.

(4)    If either party wants the Court to set a date for trial now, that party may file a motion for the Court to set a date for trial.

November 6, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

0|20