UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEVEN J. DORN, )
)
Plaintiff, ) Case No. 3:20-CV-00118-GNS-CHL
)
v. )
)
NEIL S. DOMINIQUE, )
) January 30, 2025
Defendant. ) Louisville, Kentucky

* * * * *

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE HONORABLE COLIN H. LINDSAY
UNITED STATES MAGISTRATE JUDGE

* * * * *

APPEARANCES:

For Plaintiff: Brian P. McGraw
Gray Ice Higdon PLLC
3939 Shelbyville Rd, Ste 201
Louisville, KY 40207

For Defendant: Grahmn N. Morgan
Kristeena L. Johnson
James McFarlane McClure
Dinsmore & Shohl LLP
100 W Main St, Ste 900
Lexington, KY 40507

Rebecca S. Boyd, RMR, CRR
Official Court Reporter
208 U.S. Courthouse
Louisville, KY 40202
(502) 625-3777

Proceedings recorded by mechanical stenography, transcript produced by computer.

(Begin proceedings via telephonic conference at 11:40 a.m.)

THE COURT: Morning, folks. Judge Lindsay joining. Who's on for the plaintiff, please?

MR. MCGRAW: Yes. Good morning, Judge. Brian McGraw of Gray Ice Higdon on behalf of the plaintiff.

THE COURT: Good morning, and anyone else with you?

MR. MCGRAW: No, Judge.

THE COURT: All right. And who is on for the defense, please?

MR. MORGAN: Good morning, Your Honor. Grahmn Morgan, Kristeena Johnson, and Matt McClure.

THE COURT: All right. Good morning. Anybody else with you, Mr. Morgan?

MR. MORGAN: No, Your Honor.

THE COURT: All right. So first order of business, I'm sorry to have kept you-all waiting. My -- I didn't remember what time it started, but whatever call we had immediately prior to yours took a half hour longer than expected. Also had a couple of disruptions out in the hallway right outside my chambers, so that was interesting and (indiscernible), so here we are. Appreciate everybody's patience.

So I know a little bit about what is happening here. I've had a -- and that's not a complaint. I only want or need to know a little bit, at this point, but I know that we have a discovery dispute. I know there is a question, let's put it

that way, about the possibility of some spoliation, and I know you're all concerned about your deadline.

So let's just talk -- understand -- I think you-all probably know this, but if you don't, let me just say this is not an oral argument on, you know, whose fault this is. Just -- I just want to get a handle on where things stand and figure right now -- and figure out whether next order of business is for somebody to file a motion or for some other path we could take.

So, Mr. McGraw, you want to go first, please?

MR. MCGRAW: Sure, Judge, and, you know, these are issues -- you know, there's two primary issues. There's a spoliation -- potential spoliation issue that has a couple aspects to it and then also just sort of a standard failure to produce responsive documents issue.

We've been going back and forth on these issues since -- really since October, maybe even late September. We've exchanged letters. We've sent e-mails and had at least one phone conversation about it and -- so, unfortunately, we just haven't been able to resolve it despite everyone's best efforts.

And -- so the fact discovery deadline is -- has now expired, though we set this up prior to that expiration. I don't know if that matters all that much, you know. Ultimately, you know, we want to file motions on this and potentially a motion for sanctions and a motion to compel.

And I don't know that -- you know, we're not necessarily

seeking to reopen discovery. There are at least two parts of this that it could be relief that we could seek that -- I just don't know how helpful it would be based on -- based on where we are with things, and ba -- you know, even if we went back and tried to do some additional searching on e-mail accounts, for example, it doesn't sound like there's going to be any e-mails anyway, but, you know, I don't -- I can't answer that for sure. So I don't know that doing any more discovery is necessarily going to be fruitful, but I can't say that definitively.

The other part is definitely some corruption of some additional documents, obviously, would be outside the discovery deadline, but, you know, given the fact that we have been dealing with these issues for months and tried to get a resolution, I think we have preserved the right to seek production of these documents through a motion to compel.

You know, I don't -- go ahead, Judge.

THE COURT: Go ahead. That's all right. Go ahead.

MR. MCGRAW: Well, I don't know how much -- you know, again, this is -- I don't want to bela -- you know, get into the weeds of these potential issues, but I suppose you probably need a little bit of context, and I'm happy to do that or I'm just happy to answer questions. However you'd like me to proceed.

THE COURT: Yeah. I appreciate that. I think the main -- and you certainly addressed it somewhat here for Mr. Morgan as well on it. What I start with on these calls is, you

know, are we really stuck. Because sometimes somebody just needs a nudge. You know, somebody hasn't gotten around to do something, and they just need to be told to do it or there's a misunderstanding.

It's always interesting to me what a relatively low percentage of our discovery dispute calls actually end up turning on an actual dispute. It's quite often more about miscommunication than an actual disagreement.

That's not what I'm hearing here. I'm hearing so far that you-all have been talking, you've got a difference of opinion, and, you know -- so I don't think that's what we're dealing with here, but that's why I try to keep focused on this for now. We may have to come back to some of the other things.

So, Mr. Morgan, your thoughts.

MR. MORGAN: So, Judge, I appreciate that, and I think that's right. Obviously, we dispute that any evidence was spoliated by the defendant Neil Dominique, and that is something that I don't think can be changed here on this call or anything else that, you know, we could talk about here. We've provided all the information that can possibly be relevant to that issue. I don't think there is a real good-faith basis for an allegation of spoliation, but I'll just mention that upfront.

I think where we are now is on our last call, I mean, I basically told Mr. McGraw that we're going to be filing motions for summary judgment on damages, because Mr. Dorn has none, and

on causation, because all the evidence that's been collected in discovery, over the course of I think, Judge, five lawsuits regarding Mr. Tiller's termination of Mr. Dorn, which has been spanning the last ten years. All of the evidence that's been collected points to the fact that Mr. Dominique, my client, the defendant here, had zero, nothing at all to do with Mr. Tiller's decision to terminate Mr. Dorn way back in June of 2015.

And Mr. Dorn's claims against Mr. Dominique are that he somehow interfered with his management agreement with Bryson Tiller, and that Dominique convinced Mr. Tiller to terminate him. Well, Mr. Tiller has been deposed multiple times, and he has been steadfast that Mr. Dominique had nothing to do with it. The reasons why he terminated Mr. --

THE COURT: Okay. And, Mr. Morgan, if I can just interrupt you briefly and remind you I won't be ruling on your motions, so --

MR. MORGAN: No, I get that, and I just want to give you that little bit of background. So all of that evidence -- he's been deposed three times, Mr. Dominique's been deposed twice, Mr. Dorn's been deposed multiple times. And the reason I bring that up, Judge, is because this allegation of spoliation isn't a discovery dispute.

I think what it is, and I think Mr. McGraw alludes to it, is that Mr. Dorn wants to reopen discovery. But Your Honor's order I think is crystal-clear, and discovery has passed, and

extensions of discovery must be made in writing before that deadline passes. There's no exceptions. Even if they are filed in advance in writing, the movant has to show good cause and prove that the circumstances that existed were outside the counsel -- the control of counsel.

I mean, we didn't even get this request for this call until the day before discovery in this case ended. We think, Judge, I guess just to cut to the chase, that the request to reopen discovery or take other discovery is untimely and should be barred.

I can go into -- and I won't, because I don't think you want to hear it, but I think it'd be an extraordinary waste of resources, time, and a pure fishing expedition, because we didn't spoliate anything.

I mean, there's reasons why these issues of spoliation against us are coming, and I don't know if you need to hear that or not. So I'll say that, and if you want to hear about that later, but I think the point being we don't think even, at this point, that the request is timely.

THE COURT: Yeah. Well, I'm -- hold those thoughts for now, and I guess I'm confused by something I wasn't -- I wasn't prepared to be confused by at this point. I thought I heard Mr. McGraw say he wasn't moving to reopen discovery.

So, Mr. McGraw, are you -- you know, listen, I require these calls before anybody files a motion related to discovery. I

assume that that's why you asked for a call was to check that box. Am I correct about that?

MR. MCGRAW: Absolutely, Judge, and, yeah --

THE COURT: Okay.

MR. MCGRAW: -- I think it's -- I would --

THE COURT: So --

MR. MCGRAW: -- agree --

THE COURT: Hang on.

MR. MCGRAW: -- that we're not seeking to -- well, go ahead. Sorry.

THE COURT: That's all right. Yeah. Let me -- I've got a slightly different question for you. What -- let's assume that we're at loggerheads here, and that's what I decide. What motion would I be giving -- giving you -- what motion do you seek permission to file?

MR. MCGRAW: It's really two if we combine them into one single motion, but it's a motion for sanctions based on spoliation, and the other would be a motion to compel, and that's a motion to compel some documents that we requested that, you know, we have, you know, a legitimate dispute as to whether -- well, I'll say this: We have a dispute. The other side says that the documents aren't relevant, we say they are, and -- so that's where we are with those documents.

So we wouldn't be needing to reopen discovery necessarily for those, just to -- we're asking that they be compelled to

produce them.

THE COURT: Understood. So, look, bearing in mind, and I -- listen, if I'm ignoring an issue here, I don't want to. All right? So please, you know, be frank with me here.

Mr. Morgan, if I were to greenlight the filing of this motion, I mean, all that would -- you understand that that's all it is is a greenlight to file it. It's not an indication that -- you know, that I think the motion ought to be granted, depending on what the relief is, to fast-forward, Judge Beaton may refer that motion to me. It may get submitted to me, it may not.

But is there any -- beyond -- obviously, any client in litigation would prefer not to have to respond to a motion, but other than that general inclination, is there any -- is there any real downside or prejudice to me saying, "All right. Little unclear to me to whether discovery would really need to be reopened about that, but it makes sense, and I don't even have to grant the motion."

So there any issue about greenlighting the motion, even if you-all disagree with the outcome that Mr. McGraw suggested?

MR. MORGAN: Yeah, and, Judge, I think I understand what you're saying, which is do I have a -- do I have an argument for why the motion shouldn't even be allowed to be filed at this point.

THE COURT: Right.

MR. MORGAN: I would think -- the only thing I would say is that I think to the extent that Mr. McGraw's e-mail to chambers said that he wanted additional discovery or an extension of the discovery deadline, I do think it's untimely, so I think you could say, you know, you can't file that motion. That would be it.

I mean, but otherwise, obviously -- I mean, just to be clear, Your Honor, I'm not sure that whatever motion he's filing is a discovery dispute motion. I'll just say, for example -- and I don't know. Mr. Dorn's primary witness, Ryan Cox, testified that after we subpoenaed him, he deleted his iCloud backup and communications with Mr. Dorn related to this case. Like, we intend to file a pretrial motion on that. That's not really what we -- we're not asking for more discovery or anything like that.

So I think if that -- you know, if he's going to file some motion that doesn't implicate discovery or the extension of discovery, then I think, obviously, you're going to greenlight that motion, and we'll reserve all our rights to defend against it, and you'll -- and so either Judge Beaton or you will make that decision. I hope I'm being clear in answering your question.

THE COURT: Yeah, you have, and, you know, just the only thing I'd say in response is just -- you know, just bear in mind that this distinction as to whether something is a

discovery motion -- whether something is, quote, really, closed quote, a discovery motion or not, what the import of that -- the import of whether something is a motion related to discovery, all that means is if it is a motion pertaining to discovery, and if you filed it without getting permission, then that's a reason for it to be denied.

So, in other words, it's not as if -- it's not as if Mr. McGraw has a duty to fit it within a particular category in order to be allowed to file it. It's the opposite of that. If he files it without seeking permission, then that could be at least momentarily denied.

So, you know, listen, I think that the devil will be in the details, and, you know, you-all are not, like, arguing past each other or not listening to each other or anything like that, but you clearly have different ideas about what exactly is going to be asked for. We'll just -- we'll just have to see what the motion says and what the response says. So -- and, you know, obviously, look, I had no preconceived motion as to the merits of that.

You know, this case has spent so much time, well, technically -- technically in our court, but so much of that time is a time where there hasn't been any reason or even any -- any jurisdiction for us to do anything. So --

MR. MORGAN: Right.

THE COURT: Hence I really don't -- I just finished --

you know, ever now and then I'll have a call where I very much had a preconceived notion about what the motion is going to say and what the answer is, but I don't here. So --

MR. MORGAN: Sure.

THE COURT: -- what is a sensible period of time, Mr. McGraw, for me to give you -- I like to have a deadline on everything. What is a sensible deadline for me to give you for the motion?

MR. MCGRAW: I think we could get a motion ready in -- well, at maximum, 21 days. I think if push comes to shove, we could get it done by mid February.

THE COURT: I don't see where 21 days is going to do anything. I don't think that's proper. And you-all can just do your --

MR. MORGAN: So --

THE COURT: -- responses -- I'm sorry. Go ahead.

MR. MORGAN: Yes, Your Honor. Will we just respond based on the -- oh, sorry, Brian.

THE COURT: Yeah. Sorry. I wasn't sure who I was calling on there. I think I was about to say what you were both about to ask anyway. I was just going to say that just do responses and replies in accordance with local rule. If you can agree to it, fine. If somebody needs some reasonable -- you know, it's not like we have a trial date or something else we're messing up here. So just follow local rules if you need

additional time.

MR. MORGAN: Okay.

MR. MCGRAW: Judge, there is one -- no, that's it. That was going to be the first question, Judge. And then the other -- I guess the other thing I was going to raise is related to this, the only deadlines we have coming up would be expert disclosure deadlines, and that is implicated in -- that will be implicated in connection with this motion in that, you know, the records that we're seeking to compel are financial records, and -- which are certainly relevant -- at least in our view, they're relevant to the damages calculations, and our potential damages experts here would need those documents to really finalize any opinions that he has as to the -- as to the damages calculations in this case.

So I don't know if this -- this may be outside your purview at the moment, but -- and we may just need to file a separate motion on this as well, but I think if we're in a -- you know, a dispute over whether these documents should be produced, then really we can't complete our damages analysis until that decision is made.

THE REPORTER: I'm sorry.

THE COURT: Right.

THE REPORTER: This is the court reporter. Is this -- was that Mr. McGraw?

MR. MCGRAW: Yes.

THE REPORTER: Thank you.

MR. MCGRAW: Hello. Yes.

THE COURT: Mr. Morgan -- and I'm sorry. I try to -- I typically start this by saying, "Make sure you identify yourselves when you speak up," but I didn't. I got out of that habit today.

So, Mr. Morgan, you know, I'm not asking you to back off of anything else you just said. You don't think the motion is necessary. You don't think it's going to prevail. But do you have any issue with me essentially pausing both sides' expert witness designation deadlines and the expert discovery deadline pending a ruling on this?

And, you know, as to the dispositive motions, I'm happy to back that up, but, number one, it's not until June. And, number two, you know, those are, you know, no later than that deadline, not that they're never earlier. You can file your motion for summary judgment tomorrow if you want to. I'm not suggesting that would be a great idea, but you can do it whenever you want.

So any issue or problem with us just pausing -- and I don't want to just back it up 60 days or 90 days, because, you know, I don't know how long it would actually take you-all to get this thing briefed and how long it would take us to get you an answer.

Any issue with approaching it that way, Mr. Morgan?

MR. MORGAN: Your Honor, yes. This ish -- this new

issue that Mr. McGraw is raising about a motion to compel financial records, you know, that was not in his e-mail to you regarding this discovery dispute. It is something that he raised two days ago in an e-mail at night at like 9:30.

And those financial records -- those -- Mr. Dominique's financial records have zero bearing, zero bearing on this case. His con -- Mr. Dominique's contract, as Mr. McGraw knows, is different than the contract Dorn had. What Mr. Dominique was paid is not relevant to Mr. Dorn's damages. Whatever damages he had would be related to his own contractual terms.

They have that information. They have had that information since day one. And, you know, the lack of diligence in discovery by the plaintiff to push the case or any evidence that they needed was part of, you know, our overall trial. Set -- you know, set it for trial on summary judgment.

So I do think, Your Honor, that extending those deadlines is -- again, as I said earlier, I think this is more of an extension of deadlines that have already passed, and I know that the expert hasn't passed yet. It passes in, like, six days or seven days, but it does prejudice us significantly, and I do think they need to show good cause as to why.

I mean, I think they have to connect the dots between the financial -- the vague financial information they're looking for and their damages, because damages is one of the things I told Mr. McGraw we're going to -- we're going to file a motion for

summary judgment on.

And so it does -- it does prejudice my client to have this continue out indefinitely. And so I would have to object to that, Your Honor.

THE COURT: Yeah.

MR. MCGRAW: Judge, if I could just respond.

THE COURT: Yeah. Go ahead.

MR. MCGRAW: Well, I just want to -- I disagree with a lot of what Mr. Morgan said, but -- and I don't want to get into a substantive argument as to the relevancy, because I think that's the -- that's actually a dispute we'll be arguing in the papers.

But in terms of this being a new issue, you know, we raised this -- we raised a deficiency letter back in September of 2024 that said, "You haven't produced his financial records. We think they're relevant. Here's why." They responded, we replied. You know, this has been a continuing issue.

And, you know, we put a pause on it, because we sought information -- you know, we've had to issue I think six subpoenas in this case, because defendant hasn't been producing documents.

And because we've had to proceed with all this third-party discovery, which I think all of it has been unnecessary, because I think the defendant had all of this in his possession, we've had to do this, you know, and it -- so we put a pause on, I

guess, trying to file a motion to compel earlier than we did with respect to financials, but, you know, in terms of this being a new issue, I don't think it is.

I went back through, you know, the e-mail to the Court, and, you know, the requirements of those e-mails -- and maybe I didn't word it perfectly, but the requirement of the e-mails notice is just give a general notion of the dispute. The dispute has always been, for the last three months, spoliation and failure to produce documents, and I think that's how it's worded in the e-mail to the Court is that there is --

THE COURT: Yeah. Let --

MR. MCGRAW: I just pulled them up, and that's the way -- that's the way it's worded to me.

THE COURT: Yeah. Let me make a couple of observations, and I do have a solution going forward. Not claiming it's an elegant solution, but it's a solution. But the observations are this: Number one, the issue of whether something is mentioned in an e-mail, you know, Mr. Morgan, I'm not going to quarrel with you for being -- you know, for being precise and being careful, you know, being many of the things, you know, that you hope lawyers are. So I'm not harping at you for this.

But what you need to understand about those e-mails is what I'm really doing with that requirement is I'm telling people, "Please don't send me briefs. Please don't e-mail brief this

issue to my case manager." Okay? So it's not like a notice of appeal where you say, you know, if someone failed to mention it in an e-mail, then we can't talk about it, and, therefore, they can't file a motion.

That's me playing defense against what I typically get, which is bunches -- a bunch of exhaustive but unnecessary details in an e-mail that doesn't even come directly to me. It's just supposed to orient me generally to what the dispute is.

Observation number two, again, I don't know what the answer is to this, but if this discovery -- you know, these other things, these things that, Mr. Morgan, you're seeing as new -- new areas of inquiry, I don't know. I haven't seen any of this stuff, so I don't have any opinion on whether you're right or wrong on that point, but -- and this is for both of you. It's not a comment addressed to Mr. Morgan, in particular, it's for both of you.

If I get a motion to compel, and you're moving to compel something you haven't previously asked for, well, I'm going to be able to make pretty short shrift of that. So, you know, if that's what it ends up being, that will come out in the wash.

And so I think the best thing, because you have a difference of opinion about whether these other deadlines ought to be stayed, and I don't want to make a decision without any context, just include -- let's do this: Include in your motion, Mr.

McGraw, a motion -- make it -- in addition to whatever else you're moving for, include a motion to extend your expert witness designation deadline until after an order and any follow-up discovery is made.

Mr. Morgan, in your response, respond to that aspect of it as well, and then that way, when I make a decision on whether to extend those deadlines, I will have all of the context that you-all have and will have the benefit of having the request in front of me and the responses and the arguments about whether it's good and authentic, not why not.

And, you know, the only thing that leaves you-all with is something that you're just stuck with in litigation from time to time, and that is uncertainty. You know, you might, a couple of months from now, get a ruling that says, "Sorry. Whatever -- the motion to compel is granted, but the motion to extend the expert witness deadline is denied." I'm not threatening that, I'm just -- you know, you just have uncertainty going forward. But I guess that's the nature of filing a motion. You don't know how it's going to turn out.

So is there any impediment to just addressing it that way? I think that reserves everybody's rights, everybody's argument.

Mr. McGraw.

MR. MCGRAW: Judge, I'm fine -- I'm definitely fine with that approach, I guess, and you just -- I guess you kind of hit the nail on the head with your last comment about reserving

rights. I just -- you know, this -- the deadline to file this sort of collective motion, you know, would fall after the expert deadline.

So I just -- I want to be careful to reserve -- in terms of the timing of things, you know -- you know, if we're filing a motion after the deadline is already expired, if we're -- if that's going to be a consideration in terms of the merits of the motion and the standard with which the motion may be granted.

THE COURT: Yeah. Understood, and I think what I would say is you have preserved that position, and, you know, Mr. Morgan has taken the position that the -- that the expert witness designation deadline should and could be met -- the current deadline should and could be met without any further briefing on the discovery or spoliation -- spoliation issues.

And so what you will not get, and I can -- this much at least, what you will not get from me is an order that says, "The expert witness deadline is gone, and plaintiff doesn't get any expert witness deadlines, because this wasn't raised in a timely fashion." That's not going to happen.

MR. MCGRAW: Okay. Great, Your Honor.

THE COURT: Now, and, again, I realize -- I realize that that leaves you with some uncertainty, but I think that's -- that's the best I can do in fairness to there being a disagreement about this.

And if you want to disclose some portion of an expert --

whatever. If you want to disclose as much as you can disclose on the 10th, not telling you not to do it, but I'm telling you that I'm going to see -- I'm going to treat the timeliness issue as having been reserved.

The only way in which this is not going to turn out to allow -- well, I don't want to say -- the timeliness has been preserved. I think that's all that needs to be said.

All right. Mr. McGraw, anything else on your end? Either on the -- how we're approaching this motion.

MR. MCGRAW: No, Judge. I think it makes sense.

THE COURT: All right. Mr. Morgan.

MR. MORGAN: No, Your Honor. On that motion, nothing else from us. I do have one point of clar -- I would like a clarification on something different.

THE COURT: Yeah. That's fine. Go ahead.

MR. MORGAN: So we did not -- sure. We did not see the spoliation issue as being a discovery dispute, the one that I raised with respect to their witness. But out of an abundance of caution, should I send you an e-mail and have another call on it or should -- should -- should I just ask now for the ability to file that motion whenever we -- whenever we file it? And I don't want to run afoul of an interpretation on discovery.

THE COURT: Right. So -- and I'm sorry. I missed -- obviously, I missed something. I thought I was following you, but I apparently wasn't. What -- what additional motion are you

talking about?

MR. MORGAN: So I think I referenced that -- that we have an issue with one of their witnesses deleting information after a subpoena was served on him for a deposition, and I don't see that as a discovery issue. We had intended to file a pretrial-type motion on it to either strike or some other relief.

THE COURT: Oh, I see.

MR. MORGAN: And -- so I don't -- I didn't want to bother you with it and raise it in an e-mail, because I wasn't sure that it was in the purview of a discovery, like we can't work something out or anything, that information is gone --

THE COURT: Right.

MR. MORGAN: -- type thing. It seemed like a different type of motion. I'm happy to do that if you feel like I should, but, otherwise, I was just intending to file a motion that would be more of, at least in my view, a non -- nondiscovery-type motion.

But if given -- given everything that's been discussed here today, if I need to ask for permission to file that, I'm certainly happy to do that or maybe I've raised it now in this call.

THE COURT: Yeah. I don't think it's necessary, but let me ask one follow-up question just to make sure. So the relief you would be seeking would be that this person can't

testify or there's an adverse inference or something like that. You're not asking --

MR. MORGAN: That's correct.

THE COURT: -- for relief -- the relief sought would not be, "I want to take his deposition again," or, "I insist that he answer this discovery," whatever, right? Are we on --

MR. MORGAN: Yes, sir.

THE COURT: -- the same page? Okay.

MR. MORGAN: That's correct.

THE COURT: And all of that -- yeah. So we could argue about whether semantically that's a motion related to discovery, but I will just say unequivocally you can file that motion pursuant to whatever deadlines there are for pretrial motions. I do not see that as a motion that -- I do not see that as a motion that you need to discuss that we need to have had one of these calls about ahead of time.

MR. MORGAN: Thank you for that clarification, Your Honor.

THE COURT: Not a problem. Anything else, Mr. Morgan, while you've got the floor or anything else more broadly?

MR. MORGAN: No, Your Honor.

THE COURT: Thank you.

MR. MORGAN: Not on mine.

THE COURT: All right. Mr. McGraw, anything else on your end?

MR. MCGRAW: No, Judge.

THE COURT: Okay. Well, listen, I appreciate everybody's time. Look forward to seeing what you file and just be back in touch if there's anything else that comes up.

MR. MCGRAW: Judge, sorry. This is Mr. McGraw. One --

THE COURT: Yes. Go ahead.

MR. MCGRAW: -- last clarification. I should have raised it. Will there be an order setting forth the initial deadline for the motion?

THE COURT: Yes.

MR. MCGRAW: Okay. Just want to make sure.

THE COURT: Yeah. You'll have that next day or two.

MR. MCGRAW: Okay. Great.

THE COURT: All right. Thank you all.

(Proceedings concluded at 12:13 p.m.)

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

s/Rebecca S. Boyd
Official Court Reporter

December 11, 2025
Date