UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00118-BJB-CHL

**STEVEN J. DORN,**                                                                                                         **Plaintiff,**

**v.**

**NEIL S. DOMINIQUE,**                                                                        **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion for Leave to Seal Document (DN 99) filed by Defendant Neil S. Dominique ("Defendant") and the Joint Motion to Permanently Seal Docket Nos. 64-4, 64-5, 64-6, and 64-7 (DN 100) filed by the parties. Plaintiff Steven J. Dorn ("Plaintiff") does not object to Defendant's Motion. (DN 101.)

**I.     Background**

The Motions to Seal concern exhibits to two briefings filed by Plaintiff: the motion for sanctions (DN 47) and Plaintiff's response in opposition to Defendant's motion for summary judgment on causation. (DN 62.) Defendant is requesting that the Court maintain under seal an excerpt from his 2024 deposition transcript containing two phone numbers: one for his previous phone, and one for his current phone. (DN 99.) This excerpt was filed as an exhibit to Plaintiff's motion for sanctions. (DN 49.) Defendant has filed a redacted version of the excerpt to be filed publicly, redacting only those two phone numbers. (DN 99-1.)

The Parties have also jointly filed the Motion to Seal four exhibits to Plaintiff's response to Defendant's motion for summary judgment. (DN 100.) These exhibits include the contract between Bryson Tiller ("Tiller") and RCA Records ("RCA") (the "RCA Contract") (DN 64-4), the contract between Tiller and Sony/ATV Songs LLC ("Sony") (the "Sony Contract") (DN 64-

5), the contract between Tiller and AEG Live LLC ("AEG") (the "AEG Contract") (collectively the "Contracts") (DN 64-6) and a collection of financial statements produced by Tiller's business manager ("Paragon Documents"). (DN 64-7.)

The Court notes that Defendant had asked the Court to maintain the Contracts and the Paragon Documents under seal before. (DN 71.) The Court denied Defendant's request, without prejudice, and ordered Defendant to either file a redacted version of the exhibits or file a motion to seal to explain why those documents should be sealed in their entirety. (DN 81, at PageID # 2550.) That Motion is now before the Court. (DN 100.)

**II.  Discussion**

    **A.  Standard of Review**

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), the Supreme Court held that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Accordingly, the Sixth Circuit Court of Appeals reviews a district court's order to seal its records for abuse of discretion. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). But the Sixth Circuit does not accord the district court the traditional scope of narrow review reserved for discretionary decisions based on first-hand observations due to the important right of public access to court records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). Therefore, only the most compelling reasons can justify non-disclosure of judicial records. *Id.*

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming

the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane*, 825 F.3d at 305 (quoting *In re Knoxville*, 723 F.2d at 476). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). ("[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.'" *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).

### B. Defendant's Motion to Seal (DN 99)

When it comes to sealing, a "confidentiality agreement ... does not bind the court in any way." *Brown & Williamson*, 710 F.2d at 1180; *see Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1006 (S.D. Ohio 2015) (finding that a confidentiality provision in a redemption agreement between a defendant and a third party "may have been sufficient to justify the protective order, [but] it is insufficient to justify filing documents on the court's docket under seal"). On the other hand, specific legal authority mandating confidentiality is indicative of a potentially compelling reason for sealing. *Shane*, 825 F.3d at 308. But it is not enough that the proponent of sealing demonstrates a compelling privacy interest; such interest

3

must outweigh the public's right to ascertain the evidence that the Court relied upon in reaching its decisions. *Brown & Williamson*, 710 F.2d at 1181. Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *Shane*, 825 F.3d at 305. Finally, the Court must narrowly tailor any redactions to serve the compelling interest in secrecy. *Id.*

Defendant is requesting that the Court permanently seal the unredacted transcript of Defendant's 2024 deposition (DN 49) and permit him to file a redacted version of the transcript for the public record. The redacted version of the transcript only redacts the phone numbers for Defendant's old phone and his current phone. (DN 99-1, at PageID # 2733.) In the past, the Court has sealed personal identifying information and contact information to protect parties from harassment. *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-00851-BJB-CHL, 2025 WL 1151680, at *4 (W.D. Ky. Apr. 18, 2025). The Court thus finds that it is appropriate to do so here, where the phone number belongs to a public figure such as Defendant.

The Court also finds that any legitimate public interest in Defendant's phone number is low. Defendant's phone number was included in a deposition transcript attached as an exhibit to Plaintiff's motion for sanctions. (DN 47.) However, the Court did not rely on Defendant's phone number at all when ruling on the motion. (DN 81.) Therefore, the Court finds that the privacy interest outweighs the public interest in disclosure.

Finally, the Court finds that the proposed redactions are narrowly tailored. Defendant only redacts his phone number and leaves the rest of the transcript unredacted. The Court thus finds that Defendant's redactions are narrowly tailored. *Cf. Chelsey Nelson*, 2022 WL 1814260, at *5

("Defendants have not met their burden of showing that sealing the confidential case files in their entirety is justified.").

      C.      **Joint Motion to Seal (DN 100)**

The parties are requesting that the Court maintain under seal the Contracts and the Paragon Documents in their entirety to protect both the competitive standings of the businesses with whom Tiller contracted, and Tiller's own personal finances. The Court agrees that the third parties' interests in preventing competitors from using their confidential business information to undercut them in negotiations does provide a sufficient privacy interest in sealing. *See Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018). The Court further agrees that Tiller's personal financial information implicates a sufficient privacy interest to justify sealing the Paragon Documents. *See Chelsey Nelson*, 2025 WL 1151680, at *4. The Court must also heavily weigh the privacy interests of third parties. *Shane*, 825 F.3d at 308. The Court is especially sensitive to the privacy interests of third parties when such interests rely upon the briefings of the parties for their protection.

Weighing these factors, the Court concludes that the privacy interests implicated by these documents outweigh the public's interest in their disclosure. The RCA Contract was offered as an exhibit to show when Tiller signed on with RCA and the value of his advance payment. (DN 62, at PageID # 1743.) The Sony Contract and AEG Contract were offered to show the lucrative contracts Tiller secured after Plaintiff's termination. (*Id.* at PageID # 1746.) Finally, Plaintiff offered the Paragon Documents to argue that Plaintiff was not paid for contracts entered into by Tiller during the initial term of the agreement between himself and Tiller (the "Management Agreement"). (*Id.* at PageID # 1746.)

Regarding the Contracts, the Court agrees that the public has little interest in their details at this stage of litigation. These exhibits were attached to Plaintiff's response to Defendant's motion for summary judgment, in which Plaintiff argued that the question of causation should go to a jury. (DN 62.) The details of the Contracts are ultimately not relevant to determine whether Defendant caused Tiller to breach the Management Agreement. Regarding the Paragon Documents, the Court disagrees that "[t]he broad summary provided within the text of the Opposition should be sufficient to address any possible public interest in viewing the documents from which the summary information was based." (DN 100, at PageID # 2751.) A party's summary of information from an exhibit does not obviate the public's interest in viewing the exhibit itself. However, the Court still finds that the public interest in the Paragon Documents, at this stage of litigation, is low because they are not relevant to the issue of causation.

Additionally, the Court finds that the parties' request is narrowly tailored. This Court has sealed contracts in their entirety before, especially when, as here, any detail of the contract may be used by competitors to undercut third party businesses and harm their competitive standing. *Marathon*, 2018 WL 3130945, at *6. The Court also notes that the Paragon Documents could not be publicly filed in redacted form as the entire information contained in them would be subject to sealing.

Given the low public interest in the details of these exhibits, compared to the significant privacy interests implicated, the Court finds that sealing these documents in their entirety is justified. However, the Court will take the opportunity now to caution the parties that the public interest in these documents may change at future stages of litigation. In fact, Plaintiff himself argued that Tiller's finances were relevant to the issue of damages. (DN 47-1, at PageID # 533.)

6

The Court also notes that neither party has moved to maintain the 2020 Tiller deposition (DN 64) or the 2018 Tiller deposition (DN 64-1) under seal.[1]  The Court will therefore order these two exhibits to be permanently unsealed.

Finally, the Court notes that Defendant has not moved to seal the management agreement between Tiller and himself.  (DN 68.)  Defendant had previously requested that the Court maintain this exhibit under seal.  (DN 71.)  However, the Court denied Defendant's request without prejudice and permitted Defendant to file a motion to seal that addressed the requisite standard for sealing.  (DN 81, at PageID # 2550.)  The record does not seem to reflect that Defendant has changed his mind as to whether this contract should be sealed.  Given that this agreement implicates many of the same privacy interests as the Contracts, the Court will interpret this omission as an oversight.  Thus, the Court will permit Defendant to file a motion to seal his management agreement that addresses the requisite standard for sealing.

**III.   Order**

For the foregoing reasons,

IT IS HEREBY ORDERED that:

(1)     The Motion for Leave to Seal Document (DN 99.) is **GRANTED**.  The Clerk of Court shall permanently maintain DN 49 under seal.  The Clerk of Court shall also replace DN 47-12 with DN 99-1.

(2)     The Joint Motion to Permanently Seal Docket Nos. 64-4, 64-5, 64-6, and 64-7 is **GRANTED**.  The Clerk of Court shall permanently maintain DNs 64-4, 64-5, 64-6, and 64-7 under seal.

(3)     The Clerk of Court shall permanently unseal DNs 64 and 64-1.

---

[1] The Court had already ordered that the 2020 and 2024 Depositions of Defendant be permanently unsealed.  (DN 81.)

(4)    DN 68 shall remain provisionally under seal. No later than **January 9, 2026**, Defendant may file a motion to seal that addresses the requisite standard for sealing documents. If no motion is filed, DN 68 will be permanently unsealed.

December 16, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record